CREAMER *v.* BOWERS and others.

(*Circuit Court, D. Delaware.* February 21, 1887.)

PATENTS FOR INVENTIONS—EXPIRATION OF PATENT—SUIT FOR INFRINGEMENT—REFORMING DECREE.

A. filed a bill against B. to restrain infringement of two patents. B., at the hearing, offered no evidence, and an interlocutory decree, sustaining both patents, and ordering an account to be taken of profits and damages, was passed. Subsequently B. moved to open the decree, and strike out so much thereof as directed the taking of an account as to one of the patents, because such patent had expired more than two years before the bill was filed. *Held* that, as to the expired patent, the court never had jurisdiction, and that it could and should reform the decree as prayed.

In Equity. On petition for rehearing.

*Frost & Coe*, for complainant.

*William C. Spruance* and *Charles M. Curtis*, for defendants.

WALES, J. The complainant filed his bill, on the thirteenth of September, 1880, against the defendants for the infringement of two letters patent which had been severally issued to him,—one, numbered 33,071, dated August 20, 1861, for a ventilator for railroad cars, and the other, numbered 89,944, dated May 11, 1869, for a railroad car ventilator. For the purpose of convenient reference, the first is called the "Ventilator Patent," and the second the "Register Patent." At the hearing the defendants offered no proofs, and on the thirty-first of November, 1883, an interlocutory decree was made, practically without opposition, sustaining the validity of both patents, ordering an account to be taken of profits and damages for the making, using, or selling of either or both of the inventions described in the letters patent, and enjoining the defendants from any further infringement of the register patent.

Application is now made to open the decree, and to strike out so much thereof as directs the taking of an account of profits and damages arising out of the infringement of the ventilator patent. The reason assigned is that this patent had expired more than two years before the complainant filed his bill, and that, at the time of bringing his suit, he had a plain and adequate remedy at law for the alleged infringement. It is not contended that an injunction bill for the infringement of an expired patent can be maintained; and in considering this application the only question to be decided is whether there are any special grounds for equitable relief as to the ventilator patent. There is nothing appearing in the record to except this case from the general rule laid down in *Root* v. *Railway Co.*, 105 U. S. 189, "that a bill in equity for a naked account of profits and damages against an infringer of a patent cannot be sustained." This is the only object of the complainant's bill, so far as it relates to the infringement of the ventilator patent; for, although the bill prays for an injunction against the further use of this patent by the defendants, the decree enjoins the continued infringement of the register patent only. It is true that the defendants have been late in making the objection to the jurisdiction of the court, and that their proper course would have been to demur to the bill; but, as was said by Judge NIXON, in *Spring* v. *Domestic S. M. Co.*, 13 Fed. Rep. 446: "It is never too late, at any time during the pendency of the proceedings, for the court to examine into its rights and powers to make a decree, or enter a judgment in a case." It is unnecessary to inquire into the causes of the unusual delay in the progress of this suit. They in no manner affect the question. If jurisdiction never attached, neither waiver, delay, or consent can now confer it. The fact that the contrivances covered by the expired and the existing patents could be and were used conjointly by the defendants is of no importance, in view of the additional fact that they were also distinct and independent, and that each could be and was applied and used in a different manner from the other. Their combined

use by the defendants may render the taking of an account the more difficult, but the mere intricacy of an account will not furnish ground for equitable interference in the absence of jurisdiction of the principal cause, of which the account is only an incident. *Hipp* v. *Babin*, 19 How. 271; *Root* v. *Railway Co., supra; Campbell* v. *Ward*, 12 Fed. Rep. 150; *Lord* v. *Whitehead & Atherton M. Co.*, 24 Fed. Rep. 801; *Adams* v. *Bridgewater I. Co.*, 26 Fed. Rep. 324; *Consolidated, etc., Co.* v. *Ashton, etc., Co.*, Id. 319; *Brooks* v. *Miller*, 28 Fed. Rep. 615.

In *Clark* v. *Wooster*, 7 Sup. Ct. Rep. 217, cited by the complainant's counsel, the court below had jurisdiction at the inception of the suit, though on a narrow ground, as the patents had but a short time to run; yet, as the defendants did not ask for the dismissal of the bill for want of jurisdiction, the appellate court refused, after the case had been tried and determined, to reverse the decree. The supreme court, speaking by Justice BRADLEY, said:

"The court below had jurisdiction of the case, and could retain the bill, if, in its discretion, it saw fit to do so, which it did. It might have dismissed the bill if it had deemed it inexpedient to grant an injunction; but that was a matter in its own sound discretion, and with that discretion it is not our province to interfere, unless it was exercised in a manner clearly illegal. We see no illegality in the manner of its exercise in this case."

In the case at bar, as already indicated, this court never had jurisdiction of that portion of the bill which prays for an injunction to restrain the infringement of the ventilator patent, and it was equally without power to order an account as incident thereto. An order will therefore be entered to open and reform the interlocutory decree heretofore made, in accordance with the petition, but without costs to the defendants.